■ PATRICK McDONAGH, Appellant, v. MILFORD MILEM, Respondent.— In an action to recover damages for personal injuries, the appeal is (1) from an order dated January 5, 1956 denying appellant's motion to set aside the verdict in favor of respondent and for a new trial, or for alternative relief, and (2) from so much of an order dated January 30, 1956 granting appellant's motion for reargument as adhered to the original decision. The alternative relief sought was (a) for a hearing to determine whether certain jurors had acted improperly during the trial because of having visited the scene of the accident without the permission of the court, and (b) for permission to subpœna the members of the jury for the purpose of testifying at said hearing. Order dated January 30, 1956 unanimously affirmed, without costs. No opinion. Appeal from order dated January 5, 1956 dismissed, without costs. The appeal from this order was not taken until after the entry of the order on reargument. Present— Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ SHEILA MURPHY et al., Infants, by MAE MURPHY, Their Guardian ad Litem, et al., Appellants, v. GEORGE KITRINOS et al., Respondents.— In an action to recover damages for personal injuries, the appeal is (1) from a judgment dismissing the complaint, entered after trial by the court without a jury, and (2) from an order denying a motion to set aside the decision and for a new trial. Appellants, passengers in a motor vehicle owned and operated by respondent Kitrinos, were injured in a collision between that vehicle and a motor vehicle owned and operated by respondent Corlett and another motor vehicle owned by respondent Diaper Service Brooklyn & Queens Corporation and operated by respondent Warren. Judgment and order affirmed, without costs. No opinion. Nolan, P. J., Beldock and Hallinan, JJ., concur; Wenzel and Murphy, JJ., concur in the affirmance of the judgment and order as to respondents Corlett, Warren and Diaper Service Brooklyn & Queens Corporation, but dissent from the affirmance of said judgment and order as to respondent Kitrinos, and as to said respondent vote to reverse the judgment and the order, to sever the action and to grant a new trial between appellants and said respondent, with the following memorandum: It is our opinion that the trial court unintentionally and unduly restricted appellants' proof upon the trial and that the interests of justice require a new trial as to respondent Kitrinos.